1  JOHN R. HABASHY (SBN. 236708)
   TIFFANY N. BUDA (SBN. 232679)
2  633 W. 5th Street, 28th Floor
   Los Angeles, CA 90071
3  Telephone:    (213) 223-5900
   Facsimile:    (888) 373-2107
4  Email: john@lexiconlaw.com
   Email: tiffany@lexiconlaw.com
5
   Attorneys for Debtor,
6  Guadelupe Estela Corona

7

8                  UNITED STATES BANKRUPTCY COURT

9            FOR THE CENTRAL DISTRICT OF CALIFORNIA

10               SAN FERNANDO VALLEY DIVISION

11

12 | In re:                          | Case No.   1:14-bk-13290-MB

13 | GUADELUPE ESTELA CORONA          | Chapter 13

14 |                  Debtor.         | Hon. Martin R. Barash

15

16 | **NOTICE OF MOTION AND MOTION FOR SANCTIONS IN THE AMOUNT OF $5,000 AND ATTORNEY'S FEES IN THE AMOUNT OF $10,710 AGAINST CREDITOR PNC BANK, N.A. AND ITS COUNSEL OF RECORD; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION IN SUPPORT THEREOF**

17

18

19

20

21 | [11 U.S.C. §105(a); LBR 1001-1(f); 28 U.S.C. § 1927]

22

23 | <u>Hearing Information</u>
   Date:    **February 7, 2019**
24 | Time:    **11:30 a.m.**
   Place:   **Courtroom 303**
25

26

27

28

**TO THE HONORABLE MARTIN R. BARASH, UNITED STATES BANKRUPTCY JUDGE, THE CHAPTER 13 TRUSTEE, CREDITOR PNC BANK, N.A., AND ITS COUNSEL OF RECORD:**

PLEASE TAKE NOTICE THAT on February 7, 2019, at 11:30 a.m., or as soon thereafter as may be heard, in Courtroom 303 of the above-entitled Courthouse located at 21041 Burbank Blvd., Woodland Hills, 91367, Debtor GUADELUPE ESTELA CORONA (hereinafter "Debtor"), by and through undersigned counsel, will and hereby does move the Court to issue Sanctions in the amount of **$5,000.00** and attorney's fees in the amount of **$10,710.00** against Creditor PNC Bank, N.A. (hereinafter "PNC") pursuant to 11 United States Code (hereinafter "USC") section 105(a) and LBR 1001-1(f) of the Central District of California.

This Motion is set for hearing on at least 21 days of notice pursuant to LBR 9013-1(d). The full Motion and supporting documentation are attached, including the legal and factual grounds upon which the Motion is made. If you wish to oppose this Motion, you must file a written response with the court and serve it as stated above no later than 14 days prior to the hearing. Your response must comply with LBR 9013-1(f). The undersigned hereby verifies that the hearing date and time selected were available for this type of Motion according to the judge's self-calendaring procedures [LBR 9013-1(b)].

DATED: January 2, 2019          By: _____
                                     JOHN HABASHY, ESQ.
                                     Lexicon Law, PC
                                     633 W. 5th Street, 28th Floor
                                     Los Angeles, CA 90071
                                     Telephone:    (213) 223-5900
                                     Facsimile:    (888) 373-2107
                                     john@lexiconlaw.com

                                     Attorney for Debtor
                                     Guadelupe Estela Corona

## MEMORANDUM OF POINTS AND AUTHORITIES

Debtor GUADELUPE ESTELA CORONA (hereinafter "Debtor"), by and through undersigned counsel, submits this Memorandum of Points and Authorities in support of her Motion for the Court to issue Sanctions in the amount of **$5,000.00** and attorney's fees in the amount of **$10,710.00** against Creditor PNC Bank, N.A. (hereinafter "PNC") pursuant to 11 United States Code (hereinafter "USC") section 105(a) and LBR 1001-1(f) of the Central District of California.

## I.      INTRODUCTION AND STATEMENT OF RELEVANT FACTS.

This is a straightforward Chapter 13 bankruptcy case filed with the intent of saving the Debtor's home and reorganizing her debts in good faith. The Debtor's instant case was filed on July 8, 2014, and Chapter 13 plan confirmed on February 17, 2015. [See, Declaration of John Habashy, hereinafter "Habashy Dec," submitted herewith; also see **Exhibit 1 -** a true and correct copy of the conformed order confirming plan confirmation]. The primary reason the Debtor filed for bankruptcy relief was to save her primary residence from foreclosure after falling behind on her mortgage and HOA payments.

PNC is the servicer of the note secured by a first deed of trust against the Debtor's home, a condominium located at 9210 Van Nuys Blvd #9, Panorama City, CA 91402 (the "Subject Property"). Since the filing of her case, the Debtor has made all post-petition mortgage payments to PNC and has kept current insurance with respect to the Subject Property.

Still, however, on two separate occasions - one in 2017 and a second in 2018 - PNC filed two separate motions for relief from the automatic stay, alleging the Debtor fell behind on post-petition payments. However, both times, Debtor, through counsel, provided evidence to counsel for PNC to confirm that the Debtor has upheld all obligations and that the motions were without basis. PNC withdrew both motions.

MOTION FOR SANCTIONS; IN RE: GUADELUPE CORONA

**2017 Motion for Relief**

On February 22, 2017, PNC filed a motion for relief from the automatic stay (Docket No. 42). The motion alleged that the Debtor had failed to make post-petition mortgage payments on the Subject Property. However, the discrepancy in payments received and applied was apparently due to a change in the Debtor's escrow account as a result of PNC adding homeowner's insurance to the mortgage payment despite the Debtor maintaining her own insurance on the property. Counsel for Debtor provided proof to PNC of the insurance, and PNC sent Debtor a letter confirming that it would update its records with the insurance information and remove any insurance charges to the Debtor. However, PNC failed to do so, causing the Debtor's payments to be improperly applied.

After the filing of the motion for relief, counsel for Debtor provided confirmation numbers of several payments made each month dating back to the period in question in the motion in order to resolve this issue and properly update Debtor's account; further, PNC confirmed in a letter that Debtor had provided evidence of insurance coverage. (See, **Exhibit 2** to Habashy Dec. - a true and correct copy of an email to Justin Brady with payment confirmation numbers, and also see **Exhibit 3** -a true and correct copy of a letter from PNC regarding Debtor providing evidence of insurance). PNC withdrew its first motion for relief on May 9, 2017. (Docket No. 48.)

**2018 Motion for Relief**

The Debtor continued upholding all obligations within and outside her confirmed Chapter 13 case. Still, however, PNC continued to incorrectly account her mortgage payments, resulting in an adversarial proceeding being filed by the Debtor on May 7, 2018 (Case no. 1:18-ap-01051). On September 11, 2018, out of retaliation for the Debtor's adversarial proceeding, PNC filed a second motion for relief from the automatic stay. (Docket No. 58.) Like the 2017 motion for relief, this motion was also lacking in basis and brought in bad faith. Specifically, the basis for the motion was the Debtor's loss of title through an alleged foreclosure by her HOA creditor - an argument PNC

failed to raise for the four years the case was previously pending - and an argument it did not address in its prior motion to dismiss.

On October 9, 2018, Debtor's counsel sent a letter to PNC's counsel requesting that the motion be withdrawn (See **Exhibit 4** to Habashy Dec.). Specifically, the letter outlined the fact that the Debtor had entered into an agreement with her HOA to resolve the pending issues and for the Debtor to reorganize her debts and keep her home. The letter also confirmed that counsel had previously met and conferred about the issue and that PNC was even provided with a copy of the agreement. Still, however, PNC insisted on moving forward with a motion for relief and began to actually refuse payments from the Debtor in its efforts to thwart the Debtor's reorganization of the past four years. By way of the correspondence, Debtor's counsel had provided ample documentation for PNC to confirm that the issue had been resolved with the HOA and that the Debtor was the legal and equitable owner of the property - including a declaration from the HOA attorney and the transfer of title back to the Debtor. Counsel even invited PNC to confirm the documentation with the local County Assessor's office as they are officially recorded documents.

The letter warned that should PNC proceed with its motion for relief, the Debtor would defend the matter and seek attorney's fees and sanctions. PNC proceeded with its motion, which was set for hearing on October 17, 2018. The Debtor filed her opposition and a supplemental declaration to the motion (Dockets No. 63 and 70.) During oral argument, counsel for PNC withdrew its motion after several minutes of oral argument and "feed-back" from the Court regarding the proposed motion. (Docket No. 71)

## II.     AUTHORITY FOR ISSUANCE OF SANCTIONS.

### A. The Court has the Authority to Issue Sanctions Against PNC Pursuant to 11 U.S.C. §105(a).

Pursuant to 11 U.S.C. §105(a):

The court may issue any order, process, or judgment that is necessary or appropriate to carry out the provisions of this title. No provision of this title providing for the raising of an issue by a party in interest shall be construed to preclude the court from, sua sponte, taking any action or making any determination necessary or appropriate to enforce or implement court orders or rules, or to prevent an abuse of process.

The Court should issue sanctions against PNC for its bad faith conduct with respect to the two motions for relief which were withdrawn after the Debtor had expended significant resources responding to them. PNC clearly had notice and sufficient documentation to verify that there was no basis to proceed with the motion for relief (2017 and 2018). However, PNC still did, and did not withdraw its second motion until oral argument in open Court, causing the Debtor to expend unnecessary fees and costs in responding and opposing the motion. As such, it has been necessary to expend an additional **$10,710.00** in attorney's fees as a direct result of PNC's conduct.  (See **Exhibit 5,** attorney log notes; and see **Exhibit 6**, breakdown of attorney time).

### B.  The Court has the Inherent Authority to Issue Sanctions against PNC Pursuant to LBR 1001-1(f).

Local Bankruptcy Rule 1001-1(f) provides:

The failure of counsel or of a party to comply with these Local Bankruptcy Rules, with the F.R.Civ.P. or the FRBP, or with any order of the court may be grounds for the imposition of sanctions pursuant to applicable law, including the Bankruptcy Code, the F.R.Civ.P., the FRBP, and the inherent powers of the court.

MOTION FOR SANCTIONS; IN RE: GUADELUPE CORONA

Additionally, the Court may exercise its inherent powers in imposing sanctions. "It is well settled that this Court has inherent authority to assess attorney's fees and expenses 'against counsel who willfully abuses judicial processes,' ...". *In re Perez,* 43 B.R. at 534 quoting *Roadway Express, Inc. v. Piper,* 447 U.S. 752, 767, 100 S.Ct. 2455, 2464, 65 L.Ed.2d 488. Courts have consistently upheld the "inherent power to sanction." *In re: Jemsek Clinic, P.A.*, 850 F.3d at 156 (citing *McGahren v. First Citizens Banks & Tr. Co. (In re Weiss)*, 111 F.3d 1159, 1171 (4th Cir. 1997)). "it is well established that a federal court may wield its inherent sanctioning powers when a party shows bad faith by delaying or disrupting the litigation or by hampering enforcement of a court order." *In re: Jemsek Clinic, P.A.*, 850 F.3d at 157 (quoting *Hutto v. Finney*, 437 U.S. 678, 689 n.14, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978)).

PNC is clearly in contempt of both the automatic stay of 11 U.S.C. section 362, as well as the Court's confirmation order dated February 17, 2018. Having received all documentation to confirm the Debtor's ownership of the property, her agreement with her HOA, and her own insurance on the property, there can be no other explanation for PNC's conduct but a bad faith refusal to comply with the Court's orders and the Debtor's confirmed reorganization. In accordance with the provisions of L.B.R. 1001-1(f), the Court has the inherent power to impose sanctions against PNC for its non-compliance and intentional efforts to thwart the Debtor's reorganization pursuant to her confirmed Chapter 13 plan. Given the resulting harm to Debtor, it is just and reasonable for the Court to impose sanctions in the amount of **$5,000.00** <u>representing the seriousness of the actions taken.</u>

## C. The Court May Impose Sanctions Against PNC's Counsel Pursuant to 28 U.S.C. § 1927.

Pursuant to 28 U.S.C. section 1927:

Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and

7

vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct. 28 U.S.C. § 1927.

Here, counsel for PNC was made aware on multiple instances that the Debtor had resolved her issue with her HOA and had entered into an agreement transferring title back to her, making the Debtor the rightful owner of the property. Still, however, counsel continued to file three baseless motions, all of which were subsequently withdrawn. In accordance with 28 U.S.C. § 1927, PNC's counsel multiplied the instant proceedings unnecessarily, causing the Debtor to incur costs and attorney's fees which could have been avoided. As such, sanctions are appropriate to compensate the Debtor for these unnecessarily-accrued fees and costs arising out of PNC's counsel's conduct.

## III. DEBTOR'S DAMAGES AND AMOUNT OF SANCTIONS REQUESTED.

As a result of PNC's baseless motions and its intentional conduct, the Debtor has incurred additional legal fees and expenses, all of which are necessary to protect the Subject Property and complete the Debtor's plan of reorganization.

Specifically, Debtor has incurred **$10,710.00** in additional attorney's fees and costs for the preparation of this motion, previous correspondence to PNC's counsel, and the opposition to PNC's prior motions for relief. (See, Habashy Dec, par. 14.).

## IV. CONCLUSION AND PRAYER FOR RELIEF.

Given PNC's pattern of conduct, sanctions are an appropriate and necessary remedy at this time. *WHEREFORE, Debtor requests*:

a. that this motion be granted,

b. that the Court issue sanctions against PNC Bank, N.A. and its counsel of record in the amount of $5,000.00 and attorney's fees and costs in the amount of $10,710.00; and

c. for such other and further relief as the Court deems just and proper.

DATED January 2, 2019
By: _____
JOHN R. HABASHY, ESQ.
Lexcon Law, PC
633 W. 5th Street, 28th Floor
Los Angeles, CA 90071
Telephone:    (213) 223-5900
Facsimile:     (888) 373-2107
john@lexiconlaw.com

Attorney for Debtor
Guadelupe Estela Corona

## DECLARATION OF JOHN R. HABASHY, ESQ.

## IN SUPPORT OF MOTION FOR SANCTIONS

I, John Habashy, do hereby declare that all of the following is true and correct to the best of my personal knowledge and if called upon as a witness, I could and would competently testify to the truthfulness of all of the statements below.

1. I am the attorney for the Debtor, Guadelupe Estela Corona, in the instant Chapter 13 bankruptcy case, case number 1:14-bk-13290-MB. The Debtor's instant case was filed on July 8, 2014, and confirmed on February 17, 2015. [Attached hereto as **Exhibit 1** and incorporated herein is a true and correct copy of the entered order confirming the Debtor's plan].

2. The primary reason the Debtor filed for bankruptcy relief was to save her primary residence from foreclosure. Specifically, the Debtor had fallen behind on her mortgage payments. as well as payments to her Homeowners' Association. Therefore, the Debtor sought to reorganize her debts in order to keep her home.

3. PNC is the servicer of the note secured by a first deed of trust against the Debtor's home, a condominium located at 9210 Van Nuys Blvd #9, Panorama City, CA 91402 (the "Subject Property").

4. On February 22, 2017, PNC filed a motion for relief from the automatic stay (Docket No. 42). The motion alleged that the Debtor had failed to make post-petition mortgage payments on the Subject Property. However, the discrepancy was apparently due to a change in the Debtor's escrow account as a result of PNC adding homeowner's insurance to the mortgage payment despite the Debtor already having her own insurance on the property. Upon receiving proof of the insurance, PNC sent a letter confirming that it would update its records with the insurance information and remove any insurance charges to the Debtor. However,

PNC failed to do so, causing the Debtor's payments to be improperly applied. (See **Exhibit 3**).

5. After the filing of the motion for relief, I provided confirmation numbers of several payments made each month dating back to the period in question in the motion, as well as confirmation of the Debtor's insurance coverage, in order to resolve this issue and properly update Debtor's account. [A true and correct copy of my correspondence to PNC is attached hereto as **Exhibit 2**]

6. PNC withdrew its first motion for relief on May 9, 2017. (Docket No. 48.)

7. Although the Debtor continued upholding all obligations in accordance with her confirmed Chapter 13 case, PNC continued to incorrectly account her mortgage payments. As a result, I filed on behalf of the Debtor an adversarial proceeding against PNC on May 7, 2018 (Case no. 1:18-ap-01051).

8. On September 11, 2018, apparently out of retaliation for the Debtor filing an adversarial proceeding, PNC filed a second motion for relief from the automatic stay. (Docket No. 58.) This time, the basis for the motion was the Debtor's loss of title through an alleged foreclosure by her HOA creditor. PNC had never raised this argument during the previous four years the case was previously pending or in its prior motion to dismiss.

9. On October 9, 2018, I sent a letter to PNC's counsel requesting that the motion be withdrawn. Specifically, my letter outlined the fact that the Debtor had entered into an agreement with her HOA to resolve the pending issues and for the Debtor to reorganize her debts and keep her home. The letter also confirmed my prior efforts to meet and confer with PNC about the issue and provided documentation to prove that the motion was baseless, including a declaration from the HOA attorney and the transfer of title back to the Debtor. Counsel even invited PNC to confirm the documentation with the local County Assessor's office as they are

officially recorded documents. [A true and correct copy of my letter is attached hereto as **Exhibit 4**.]

10. The letter warned that the Debtor would seek fees and sanctions should PNC proceed with its motion for relief.

11. PNC proceeded with its motion, which was set for hearing on October 17, 2018. I prepared and filed an opposition and a supplemental declaration to the motion on behalf of the Debtor (Dockets No. 63 and 70.) I also appeared at the hearing and argued the motion before the Court. During oral argument, counsel for PNC withdrew the motion. (Docket No. 71.)

12. In the meantime, PNC had also filed a motion for an order confirming a termination of the automatic stay (Docket No. 64), which it also withdrew on October 12, 2018 (Docket No. 68.)

13. As a direct result of PNC's baseless motions, all three of which it has withdrawn, the Debtor has had to expend additional time and attorney's fees in an attempt to force compliance with the Court's confirmation order and Debtor's reorganization plan.

14. Specifically, the Debtor has incurred over $10,710.00 in attorney's fees and costs, broken down as follows: 23.8 hours for myself, John R. Habashy. My reasonable billing rate for this matter is $450.00 per hour, which is commensurate with the rates of other attorneys with my level of experience in the industry.  [See **Exhibit 6**, breakdown of attorney's time].

15.  Our office uses a software called Practice Panther and its allows us to enter time logs and summary of tasks and notes.  Attached is the detailed log associated with the attorney log entries that substantiate the attorney's time. [See **Exhibit 5**, attorney log notes].  There are several log entries from the supporting staff that is not included in the attached.

16. My rate is reflective of my experience and time representing consumers.  I have filed over 650 bankruptcy cases and over 100 litigation cases within the Federal and State Court

MOTION FOR SANCTIONS; IN RE: GUADELUPE CORONA

systems.  I have dedicated my practice to representing consumers from the inception of my practice in 2005.  I have been practicing consumer law for 14 years.  I am a good standing member of the National Association of Consumer Bankruptcy Attorneys (herein after "NACBA"), Consumer Attorneys of Los Angeles (hereinafter "CAALA") and the National Consumer Law Center (hereinafter "NCLC").  I regularly attend various consumer conventions and have dedicated substantial resources to attending various lectures that take place annually in difference states.  For example, I attended the NCLC even in November 2017 and participated in the consumer lobby day.  This was a 4 day event in Washington, D.C.  Prior to that, I attended the NCLC event in Anaheim in 2016 and various CAALA conventions in Las Vegas (2012, 2013, and 2015).

I declare under the penalty of perjury under the law of the State of California and the United States that the foregoing is true and correct.  Executed on January 2, 2019, at Los Angeles, California.

_____
John Habashy, Esq.
Attorney for Debtor

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26

**Exhibit 1**

27
28

MOTION FOR SANCTIONS; IN RE: GUADELUPE CORONA

| Attorney or Party Name, Address, Telephone & FAX No., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| Elizabeth F. Rojas<br>Chapter 13 Trustee<br>15060 Ventura Blvd, Suite 240<br>Sherman Oaks, CA 91403<br>Tel. (818) 933-5700<br>Fax (818) 933-5755<br><br>*Chapter 13 Trustee* | **FILED & ENTERED**<br><br>**FEB 17 2015**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>BY Bever      DEPUTY CLERK |

## UNITED STATES BANKRUPTCY COURT

## CENTRAL DISTRICT OF CALIFORNIA - SAN FERNANDO VALLEY DIVISION

| In re:<br>  GUADELUPE ESTELA CORONA | CASE NO.: **SV14-13290-AA**<br><br>CHAPTER: 13 |
|---|---|
| | **ORDER CONFIRMING<br>CHAPTER 13 PLAN** |
| Debtor(s). | DATE:        January 27, 2015<br>TIME:        9:30 am<br>PLACE:      Courtroom 303<br>               21041 Burbank Blvd.<br>               Woodland Hills, CA 91367 |

The Chapter 13 Plan or last amended plan, if any (the "Plan") of debtor(s), was filed on <u>October 18, 2014</u>.

The Plan was served on the creditors pursuant to Rule 3015 of the Federal Rules of Bankruptcy Procedure.  The debtor (s) appeared and was/were examined at a meeting conducted pursuant to 11 U.S.C. § 341(a).  The court finding that the Plan meets the requirements of 11 U.S.C. §1325, IT IS ORDERED AS FOLLOWS:

The Plan is hereby confirmed, with the following provisions:

1.  Plan Payments:

    a. ☐  The amount of each monthly plan payment is $_____.  The due date is _____ day of each month for _____ months.   The Plan provides for the payment of _____% of allowed claims for general unsecured creditors.

    b. ☒  The amount of each monthly plan payment is:
        Starting <u>08/07/2014</u> the monthly plan payment is <u>$370.00</u>,
        Starting <u>02/07/2015</u> the monthly plan payment is <u>$410.00</u>,
        The due date is the <u>7th</u> day of each month for <u>60</u> months.   The Plan provides for the payment of <u>0.00</u>% of allowed claims for general unsecured creditors.

2.  Confirmation of the Plan is without prejudice to the rights of secured creditors with respect to the post -petition defaults by the debtor(s).

3.  Other provisions:

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

a. [X] This is a base plan with the debtor(s) paying at least $410.00 of disposable income into the Plan.  The debtor(s) shall submit statements of income on an annual basis to the Trustee, which income shall be reviewed by the Trustee who may petition the court to increase the monthly plan payment for cause until such time as all allowed unsecured creditors, to the extent they are to be paid during the term of the Plan, are paid 100%.  The Trustee may increase the dividend paid allowed claims until the full amount of the plan base stated in this paragraph has been paid by the debtor(s) or the claims have been paid in full without further notice or order from the court.

b. [X] The Trustee is authorized to make payment to holders of secured claims based on the plan.  However, a filed claim will control the amount owed the creditor, unless an objection is filed, whether that amount is more or less than the amount provided by the Plan.

c. [X] Counsel for debtor(s) is awarded fees of $4,000.00; having previously received $1,855.00 , counsel is entitled to payment of $2,145.00 from the estate.

d. [X] Additional provisions incorporated in this Order:
   1. Debtor(s) must pay the base plan amount or the percentage to unsecured creditors, whichever is greater.
   2. In addition to the monthly plan payments, tax refunds received during the term of the plan are pledged to the plan.
   3. The plan is modified to comply with the requirements of the court's approved plan form.
   4. Debtor(s) reserve the right to object to any claim notwithstanding any plan interlineations.

e. [X] Interlineations:

   Administrative fees to be paid at 50%.


###

###

###

###



Date: February 17, 2015

_Ala  M. Ala_
Alan M. Ahart
United States Bankruptcy Judge

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27

**Exhibit 2**

28

MOTION FOR SANCTIONS; IN RE: GUADELUPE CORONA



John Habashy <john@lexconlaw.com>

# 1:14-bk-13290-MB/ Guadalupe Estela Corona/ CA-14-106816

**John Habashy** <john@lexconlaw.com>      Tue, Feb 28, 2017 at 12:31 PM
To: Justin Brady <jbrady@mccarthyholthus.com>
Cc: IDSBK <idsbk@mccarthyholthus.com>

Thanks Justin....

I have prepared for you a list of confirmation numbers our client received after completing her mortgage payments in the amount of $671.25 to PNC Mortgage via telephone.

I am also attaching a copy of a PNC letter confirming that the borrower sent the copy of the insurance that was requested along with the correction that was to be made on her account (**SEE ATTACHED**). I truly appreciate your assistance in this matter and hope that we resolve this very soon.

1. September 30, 2016- Payment made with customer service Confirmation# 18680713
2. October 30, 2016- Payment made with customer service Confirmation# 18777897
3. November 30,2016- Payment made with customer service Confirmation# 18874023
4. December 30, 2016- Payment made with customer service Confirmation# 18956857
5. January 30, 2017- Payment made with customer service Confirmation# 19047814
6. February 17,2017- Payment made with customer service Confirmation# 19113793

[Quoted text hidden]

 **110116 ltr from PNC confirming insurance on property.pdf**
197K

**Exhibit 3**



**PNC**
**MORTGAGE℠**

A Division of PNC Bank, National Association

November 1, 2016


GUADALUPE ALVARENGA
UNIT 9
9210 VAN NUYS BLVD UNIT 9
PANORAMA CITY, CA 91402


Property Address:
9210 VAN NUYS BLVD
9
PANORAMA CITY, CA 91402

POLICY NUMBER:      CAR21127929593
COVERAGE AMOUNT: $173,123
EFFECTIVE DATE:     09/10/2015
CANCEL DATE:        09/10/2015


Loan No.
0005036475


Dear Customer:

Thank you for providing evidence of your hazard insurance. We have updated our records to reflect this current information. Any temporary coverage has been canceled without charge to your account. Please accept our apologies for any inconvenience caused by this process.

If you have further questions about your insurance, please call our PNC Mortgage Homeowners Insurance Processing Center at 1-888-229-5429.

Sincerely,

PNC Mortgage Insurance Department


**To request information or notify us of an error regarding your account, please send a written request/notice to**
**PNC Mortgage; PO Box 8807; Dayton, OH 45401-8807**

2112H5F-0115



1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Exhibit 4**

MOTION FOR SANCTIONS; IN RE: GUADELUPE CORONA



October 9, 2018

Sent via email and US Mail
Jennifer.Gray@leclairryan.com
Bethany.Whitmarsh@leclairryan.com

LECLAIRRYAN
Attn: Elizabeth Gray
725 S. Figueroa Street, Suite 350
Los Angeles, California 90017

> *Re:*    *Debtor:*      *G. Corona*
>         *Case No.:*     *14-bk-13290-MB*
>         *Hearing:*      *October 17, 2018 @ 10am*

Dear Counsel,

I am writing to you regarding the upcoming motion for relief. The basis for your clients motion is the Debtors loss of title through an alleged foreclosure by their HOA creditor. This communication to serve as a request for your client to withdraw their motion for the reasons I will list in this letter.

You have raised an argument before the Court that provided a Trustee's Deed Upon Sale as evidence of the Debtors' loss of title. I have advised your client in the past regarding the agreement made between the Debtor and the HOA creditor and that this was a contested issue with the HOA. This agreements was made at arm's length and with good faith and with counsel involved. I provided you and your client a copy of said agreement in my August 1, 2018 letter to your firm.

After our meet and confer regarding the issue back in August, your client insisted on moving forward with the pending motion for relief and began refusing payments from our client. We believe this conduct to be intentional and done with the bad faith in an attempt the thwart the debtors re-organizational plan that is near completion. Further, your client was sued by the Debtor which is believed to be the fueling motivation behind your clients insistent attempts to frustrate and distress the debtor.

Should your clients concern be the authentication of said agreement between the Debtor and the HOA creditor, I have provided you ample evidence and support for your client to find that the agreement is genuine. The support includes declarations from the debtor, myself and the HOA attorney, Neil Katz. Finally, I have attached the rescission of the Trustee Deed Upon Sale to this letter, which reflects that the title is legally back in the Debtors name and the contested matter has now been resolved.

As you are aware, the Debtor is not only the equitable owner, but the legal owner as well. This is reflected in her schedules, her plan and her continuous and consistent conduct during the course of the pending plan. Your client is only now raising a meriless issue out of bad faith.



The contested issue your client believes gives them ground for the pending motion has been resolved and addressed to your client through several correspondences. Your clients belief that title is "lost" is misplaced and I have provided you the documents to present to your client for evaluation. You may also verify the rescission with the local County Assessors office as these are officially recorded documents.

Should you client move forward with the pending motion, I will be forced to defend the action. I will be recommending that the Debtor pursue attorney fees and sanctions against your client for the willful conduct and harassment.

Feel free to contact me with any questions or concerns. Nothing in this letter should be construed as a waiver of rights.


Truly yours,


John R. Habashy
Attorney for Debtor Guadalupe Corona

RECORDING REQUESTED BY:

AND WHEN RECORDED MAIL TO:
Witkin & Neal, Inc.
5805 Sepulveda Blvd, Ste. 670
Sherman Oaks, Ca 91411

---

TS # N16-10030     APN: 2639-008-119     SPACE ABOVE THIS LINE FOR RECORDER'S USE

# RESCISSION OF TRUSTEE'S DEED
## (Civil Code Section 1058.5 (b))

    **WITKIN AND NEAL, INC.,** AS SUBSTITUTED TRUSTEE, DECLARES that the Trustee's Deed Upon Sale which recorded on **2/14/2014**, as Instrument No. **20140165315**, in the Official Records of the Office of the Recorder of the County of **Los Angeles** State of California, is hereby rescinded for the reason of mutual agreement.

    The Notice of Delinquent Assessment Lien, which is the subject of the Trustee's Deed Upon Sale, recorded on **3/6/2013**, as Instrument No. **20130337350**, in the Official Records of **Los Angeles**, County, California, showed **Guadalupe Alvarenga** as Trustor (homeowner) and **TUDOR REGENCY HOMEOWNERS ASSOCIATION** as Beneficiary, and described the following property: 9210 Van Nuys Blvd., Unit 9, Panorama CA 91402, as more fully described on Exhibit "A" attached hereto and made a part hereof.

Dated: 10/4/2018        Witkin & Neal, Inc., as Substituted Trustee,

                            By: _Sue Paquette_

                            Susan Paquette, Trustee Sales Officer

---

A notary public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

---

State of California     )
County of Los Angeles     )

On **October 4, 2018**, before me, **Rosario S. Sandoval**, Notary Public, personally appeared **Susan Paquette** who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of California that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature: _____ (Seal)

ROSARIO S. SANDOVAL
Notary Public – California
Los Angeles County
Commission # 2187909
My Comm. Expires Mar 25, 2021

TS# N16-10030

# EXHIBIT "A"

A CONDOMINIUM COMPRISED OF:

A) AN UNDIVIDED 1/22ND INTEREST IN AND TO LOT 1 OF TRACT NO. 41336, IN THE CITY OF LOS ANGELES, COUNTY OF LOS ANGELES, STATE OF CALIFORNIA, AS PER MAP RECORDED IN BOOK 1022, PAGES 94 AND 95 OF MAPS, IN THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

EXCEPT THEREFROM UNITS 1 TO 12 INCLUSIVE AND 14 TO 23 INCLUSIVE AS DEFINED AND DELINEATED ON A CONDOMINIUM PLAN RECORDED APRIL 19, 1984, AS INSTRUMENT NO. 84-471097, OFFICIAL RECORDS.

B) UNIT 9 AS DEFINED AND DELINEATED ON THE ABOVE REFERRED TO CONDOMINIUM PLAN.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Exhibit 5**

MOTION FOR SANCTIONS; IN RE: GUADELUPE CORONA

| | ITEM | STATUS | DATE ↓ | HRS. | BILLED BY |
|---|---|---|---|---|---|
| | ▶ Communicate (other external)<br>Reviewed Judge's chamber rules regarding self calendaring; left message with courtroom deputy regarding ok to calendar motion for sanctions for th at 11:30 am | BILLABLE | 12/27/2018 | 0.2 | TB |
| | ▶ Communicate (in firm)<br>drafted email to JH regarding filing a notice of appearance | BILLABLE | 12/27/2018 | 0 | TB |
| | ▶ Review/analyze<br>Reviewed email from JH regarding finalizing the Motion for Sanctions | BILLABLE | 12/27/2018 | 0.1 | TB |
| | ▶ Draft/revise<br>Drafted Notice of Appearance and proof of service; filed on BK ECF; gave VC copies for service on Judge and creditors | BILLABLE | 12/27/2018 | 0.7 | TB |
| | ▶ Communicate (other external)<br>Spoke with Cathy, Courtroom Deputy for Judge Barash, and discussed when the Motion for Sanctions can be calendared (2/7 or 3/7) | BILLABLE | 12/27/2018 | 0.2 | TB |
| | ▶ Draft/revise<br>Drafted email to JH regarding phone call with Courtroom Deputy for Judge Barash | BILLABLE | 12/27/2018 | 0.1 | TB |
| | ▶ Draft/revise<br>Revised and reformatted motion for sanctions; reviewed exhibits for motion | BILLABLE | 12/26/2018 | 0.7 | TB |
| | ▶ Case Administration<br>finalized dec and supp brief; sent to client client and NK for signing. filed and asked Vanessa and Jackie for assistance in preparing for service. | BILLABLE | 10/17/2018 | 1.85 | JRH |

| ITEM | STATUS | DATE ↓ | HRS. | BILLED BY |
|------|--------|--------|------|-----------|
| ▶ **Hearing**<br>hearing held and oral arguments made. PNC withdrew their motion. time includes preparation for motion and travel time. | BILLABLE | 10/17/2018 | 2.65 | JRH |
| ▶ **Communicate (with client)**<br>spoke with client after hearing and provided her detailed update. discussed motion and consequences. | BILLABLE | 10/17/2018 | 0.5 | JRH |
| ▶ **Communicate (other outside counsel)**<br>email exchanges with Neil Katz, attorney for HOA regarding withdrawal of claim and finalizing declaration | BILLABLE | 10/16/2018 | 0.5 | JRH |
| ▶ **Draft/revise**<br>worked on supplemental declaration and brief for opposition. researched key facts and ordered various title docs. work required several emails and calls with HOA reps and my client | BILLABLE | 10/15/2018 | 2.65 | JRH |
| ▶ **Review/analyze**<br>receipt of PNC's reply and reviewed points and authorities and factual arguments made; saved to file and calendared system. started outline of arguments | BILLABLE | 10/10/2018 | 1.5 | JRH |
| ▶ **Case Administration**<br>filed opp with exhibits. prepared for service. asked Vanessa and Jackie to assist. | BILLABLE | 10/3/2018 | 0.35 | JRH |
| ▶ **Communicate (with client)**<br>call with client regarding mfr and dates of hearing; client is stressed and decided to take a day off from work | BILLABLE | 10/2/2018 | 0.25 | JRH |
| ▶ **Draft/revise**<br>finalized opp to mfr and sent declaration to debtor for approval and signature. proof reading and assembly included. work is non duplicative | BILLABLE | 9/30/2018 | 0.95 | JRH |

| ITEM | STATUS | DATE ↓ | HRS. | BILLED BY |
|------|--------|--------|------|-----------|
| **Communicate (other outside counsel)** <br> emails exchanged with Neil Katz re HOA accounting and finalizing rescission. review of accounting provided and verified against current file records. sent Neil confirmation numbers received Call with Neil to verify final steps | BILLABLE | 9/27/2018 | 0.65 | JRH |
| **Communicate (with client)** <br> call with client to discuss HOA reinstatement | BILLABLE | 9/27/2018 | 0.25 | JRH |
| **Communicate (with client)** <br> received update email from client with confirmation numbers and amounts of payments made; Several emails exchanged with client to follow. | BILLABLE | 9/27/2018 | 0.65 | JRH |
| **Communicate (other outside counsel)** <br> call with OPC re HOA accounting. discussing reinstatement procedures. | BILLABLE | 9/27/2018 | 0.35 | JRH |
| **Draft/revise** <br> finalizing opposition and assembling exhibits. Sent to associate to proof read; marshaled through case law and statutes. work is ongoing and non duplicative | BILLABLE | 9/26/2018 | 1.65 | JRH |
| **Case Administration** <br> confirmation of payoff to HOA and proper delinquent amounts. emails exchanged with client and OPC re reinstatement | BILLABLE | 9/26/2018 | 0.35 | JRH |
| **Case Administration** <br> received accounting from client and added to our folder. reviewed and sent in a follow up email to Neil Katz OPC re accounting measures made. | BILLABLE | 9/25/2018 | 0.35 | JRH |
| **Communicate (with client)** <br> received email with additional payment info re HOA. downloaded to case file and reviewed for sending to OPC. sent reply email to client with additional questions; several emails exchanged | BILLABLE | 9/25/2018 | 0.45 | JRH |

| | ITEM | | STATUS | | DATE ↓ | | HRS. | | BILLED BY | |
|---|---|---|---|---|---|---|---|---|---|---|
| | ▶ Communicate (other outside counsel)<br>emails exchanged with Neil Katz re HOA accounting and finalizing rescission. review of accounting provided and verified against current file records. | | BILLABLE | | 9/25/2018 | | 0.25 | | JRH | |
| | ▶ Draft/revise<br>outlined arguments for opposition to MFR. conducted research related to case law and authority. marshaled through pertinent case law. work is non duplicative but ongoing | | BILLABLE | | 9/25/2018 | | 2.3 | | JRH | |
| | ▶ Communicate (other outside counsel)<br>emails exchanged with Neil Katz re HOA accounting and finalizing rescission. | | BILLABLE | | 9/24/2018 | | 0.15 | | JRH | |
| | ▶ Communicate (with client)<br>followed up with Mrs. Corona and discussed accounting and payments made and/or omitted with HOA | | BILLABLE | | 9/24/2018 | | 0.25 | | JRH | |
| | ▶ Case Administration<br>review of file and sent follow up email to client re HOA payments. Several emails exchanged to follow. Added payment history provided by client to the file. | | BILLABLE | | 9/22/2018 | | 0.25 | | JRH | |
| | ▶ Communicate (other outside counsel)<br>emails exchanged with Neil Katz re HOA accounting and finalizing rescission. | | BILLABLE | | 9/20/2018 | | 0.25 | | JRH | |
| | ▶ Communicate (other external)<br>email received from HOA management comp. Update will be provided via attorney shortly | | BILLABLE | | 9/17/2018 | | 0.15 | | JRH | |
| | ▶ Communicate (other outside counsel)<br>emails exchanged with Neil Katz re HOA accounting and finalizing rescission. | | BILLABLE | | 9/17/2018 | | 0.15 | | JRH | |

| ITEM | STATUS | DATE ↓ | HRS. | BILLED BY |
|------|--------|--------|------|-----------|
| ▶ Draft/revise<br>began drafting of opposition to MFR. | BILLABLE | 9/15/2018 | 0 | JRH |
| ▶ Communicate (other external)<br>prepared and sent email to HOA managment company to follow up | BILLABLE | 9/14/2018 | 0.25 | JRH |
| ▶ Communicate (in firm)<br>email exchange and call with Eric Mercer, of counsel regarding litigation stratedgey. | BILLABLE | 9/13/2018 | 0.5 | JRH |
| ▶ Communicate (with client)<br>discussion with client regarding evidence of payments and title related issues. emails exchanged and documents saved to exhibit folder for opposition to MFR. | BILLABLE | 9/12/2018 | 1.25 | JRH |
| ▶ Communicate (other outside counsel)<br>response received from HOA and noted for file | BILLABLE | 9/12/2018 | 0.15 | JRH |
| ▶ Review/analyze<br>receipt of PNC's motion and reviewed points and authorities and factual arguments made; saved to file and calendared system. started outline of arguments | BILLABLE | 9/12/2018 | 1.75 | JRH |
| ▶ Communicate (other external)<br>call and email exchange with AZO from HOA | BILLABLE | 9/11/2018 | 0.25 | JRH |
| ▶ Research<br>Attempted to find address for PNC bank re rejected payment. Emailed JH | BILLABLE | 8/15/2018 | 0.2 | CEM |

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Exhibit 6**

| Item | Status | Date | hrs. | Billed By |
|------|--------|------|------|-----------|
| Communicate (other external) | Billable | 12/27/2018 | 0.2 | TB |
| Communicate (in firm) | Billable | 12/27/2018 | 0 | TB |
| Review/analyze | Billable | 12/27/2018 | 0.1 | TB |
| Draft/revise | Billable | 12/27/2018 | 0.7 | TB |
| Communicate (other external) | Billable | 12/27/2018 | 0.2 | TB |
| Draft/revise | Billable | 12/27/2018 | 0.1 | TB |
| Draft/revise | Billable | 12/26/2018 | 0.7 | TB |
| | | | 2 | |
| | | | | |
| Case Administration | Billable | 10/17/2018 | 1.85 | JRH |
| Hearing | Billable | 10/17/2018 | 2.65 | JRH |
| Communicate (with client) | Billable | 10/17/2018 | 0.5 | JRH |
| | | | | |
| Communicate (other outside counsel) | Billable | 10/16/2018 | 0.5 | JRH |
| Draft/revise | Billable | 10/15/2018 | 2.65 | JRH |
| Review/analyze | Billable | 10/10/2018 | 1.5 | JRH |
| Case Administration | Billable | 10/3/2018 | 0.35 | JRH |
| Communicate (with client) | Billable | 10/2/2018 | 0.25 | JRH |
| Draft/revise | Billable | 9/30/2018 | 0.95 | JRH |
| | | | | |
| Communicate (other outside counsel) | Billable | 9/27/2018 | 0.65 | JRH |
| Communicate (with client) | Billable | 9/27/2018 | 0.25 | JRH |
| Communicate (with client) | Billable | 9/27/2018 | 0.65 | JRH |
| | | | | |
| Communicate (other outside counsel) | Billable | 9/27/2018 | 0.35 | JRH |
| Draft/revise | Billable | 9/26/2018 | 1.65 | JRH |
| Case Administration | Billable | 9/26/2018 | 0.35 | JRH |
| Case Administration | Billable | 9/25/2018 | 0.35 | JRH |
| Communicate (with client) | Billable | 9/25/2018 | 0.45 | JRH |
| | | | | |
| Communicate (other outside counsel) | Billable | 9/25/2018 | 0.25 | JRH |
| Draft/revise | Billable | 9/25/2018 | 2.3 | JRH |
| | | | | |
| Communicate (other outside counsel) | Billable | 9/24/2018 | 0.15 | JRH |
| Communicate (with client) | Billable | 9/24/2018 | 0.25 | JRH |
| Case Administration | Billable | 9/22/2018 | 0.25 | JRH |
| | | | | |
| Communicate (other outside counsel) | Billable | 9/20/2018 | 0.25 | JRH |
| Communicate (other external) | Billable | 9/17/2018 | 0.15 | JRH |
| | | | | |
| Communicate (other outside counsel) | Billable | 9/17/2018 | 0.15 | JRH |
| Draft/revise | Billable | 9/15/2018 | 0 | JRH |
| Communicate (other external) | Billable | 9/14/2018 | 0.25 | JRH |
| Communicate (in firm) | Billable | 9/13/2018 | 0.5 | JRH |
| Communicate (with client) | Billable | 9/12/2018 | 1.25 | JRH |

| | | | | |
|---|---|---|---|---|
| Communicate (other outside counsel) | Billable | 9/12/2018 | 0.15 | JRH |
| Review/analyze | Billable | 9/12/2018 | 1.75 | JRH |
| Communicate (other external) | Billable | 9/11/2018 | 0.25 | JRH |
| | | | 23.8 | |

## **PROOF OF SERVICE OF DOCUMENT**

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding.  My business address is: 633 W. 5th Street, 28th Floor, Los Angeles, CA 90071

A true and correct copy of the foregoing documents described as: **NOTICE OF MOTION AND MOTION FOR SANCTIONS IN THE AMOUNT OF $5,000.00 AND ATTORNEY'S FEES IN THE AMOUNT OF $10,710 AGAINST CREDITOR PNC BANK, N.A.  AND ITS COUNSEL OF RECORD; MEMORANDUM OF POINTS AND AUTHORITIES; DECLARATION IN SUPPORT THEREOF** will be served or was served (a) on the judge in chambers in the form and manner required by LBR 5005-2(d); and (b) in the manner indicated below:

**I.  TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**
Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On **January 2 , 2019** I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☐ UNITED STATES TRUSTEE - ustpregion16.wh.ecf@usdoj.gov
☐ CH. 13 TRUSTEE Elizabeth F Rojas – cacb_ecf_sv@ch13wla.com

**II.  SERVED BY U.S. MAIL OR OVERNIGHT MAIL**:  On **January 2, 2019**, I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge <u>will be</u> completed no later than 24 hours after the document is filed.

**See Attached Service List.**

**III.  SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL:**
Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____ I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows.  Listing the judge here constitutes a declaration that personal delivery on the judge <u>will be</u> completed no later than 24 hours after the document is filed.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | |
|---|---|---|
| January 2, 2019 | John Habashy | |
| Date | Type Name | Signature |

MOTION FOR SANCTIONS; IN RE: GUADELUPE CORONA

# Service List

**United States Bankruptcy Court**
Central District of California
21041 Burbank Boulevard, Suite 342, Courtroom 303,
Woodland Hills, CA 91367
Honorable Martin R. Barash Chambers

**Attorney for PNC Bank, N.A.**
Jennifer Gray, Esq.
LeClair Ryan LLP
725 S. Figueroa St., Suite 350
Los Angeles, CA 90017

**PNC Bank, N.A.**
PO Box 94982
Cleveland, OH 44101

**Debtor**
Guadelupe Estela Corona
9210 Van Nuys Blvd. #9
Panorama City, CA 91402

**Attorney for HOA Creditor (Tudor)**
Neil Katz
1661 240th Street
Harbor City CA 90710